IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**MARY SYKES,**

        Plaintiff,

v.

**CITY OF PINE LAWN, et al.**,

        Defendants.

Cause No.:    4:15-cv-462 - AGF

## ANSWER TO COMPLAINT

COMES NOW separate Defendant City of Pine Lawn, MO ("City" or "Defendant"), by and through counsel, and for its Answer and Affirmative Defenses to the Plaintiff's Petition[1]/Complaint (hereinafter "Complaint") states:

**Count I – Violation of 42 U.S.C. § 1983**

1. City is without sufficient information or belief with which to admit the allegations in this paragraph and therefore denies them.

2. City admits that Sylvester Caldwell is the mayor of Pine Lawn, a city located in St. Louis County, Missouri, but denies any remaining allegations in this paragraph.

3. Denied.

4. City admits that Raymond Winston is the building inspector for the City of Pine Lawn, a city located in St. Louis County, Missouri, but denies any remaining allegations in this paragraph.

5. Denied.

6. City is without sufficient information or belief with which to admit the allegations in this paragraph and therefore denies them.

7. The allegations of this paragraph offer a purported quote of 42 USC § 1983, which statute

---

[1] Plaintiff filed a Petition in state court which was removed to this Court on March 12, 2015.

1

speaks for itself; the City denies any allegation in this paragraph to the contrary of the statute and rejects and denies any interpretation offered by the Plaintiff in this paragraph.

8. City is without sufficient information or belief with which to admit the allegations in this paragraph and therefore denies them.

9. City is without sufficient information or belief with which to admit the allegations in this paragraph and therefore denies them.

10. City is without sufficient information or belief with which to admit the allegations in this paragraph and therefore denies them.

11. City is without sufficient information or belief with which to admit the allegations in this paragraph and therefore denies them.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. City is without sufficient information or belief with which to admit the allegations in this paragraph and therefore denies them.

17. Denied.

18. Denied.

**Count II – Negligent Infliction of Emotional Distress**

1. City is without sufficient information or belief with which to admit the allegations in this paragraph and therefore denies them.

2. Defendant City restates and realleges and incorporates by reference its answers to all of the allegations contained in each paragraph of Count I as if more fully set forth herein.

3. Denied.

4. City is without sufficient information or belief with which to admit the allegations in this paragraph and therefore denies them.

5. City is without sufficient information or belief with which to admit the allegations in this paragraph and therefore denies them.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. City is without sufficient information or belief with which to admit the allegations in this paragraph and therefore denies them.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

**Count III – Punitive Damages**

1. Defendant City restates and realleges and incorporates by reference its answers to all of the allegations contained in each paragraph of Counts I and II as if more fully set forth herein.

2. City admits that Sykes has been arrested before but is without sufficient information or belief with which to admit the remaining allegations in this paragraph and therefore denies them.

3. Denied.

4. Denied.

5. Denied.

**Count IV – § 1983 Claim for Conspiracy to Violate Plaintiff's Civil Rights Against Sylvester Caldwell, Brian Cunningham, Raymond Winston, and Steven Blakeney in Their Official and Personal Capacities**

1. Defendant City restates and realleges and incorporates by reference its answers to all of the allegations contained in each paragraph of Counts I and II as if more fully set forth herein.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

## AFFIRMATIVE DEFENSES TO ALL COUNTS

1. Defendant denies each and every allegation in the Plaintiff's Petition/Complaint that is not specifically admitted herein.

2. For further answer and by way of affirmative defense, Defendant states that Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed.

3. For further answer and by way of affirmative defense, Defendant states that Plaintiff's Constitutional claims are barred by the doctrine of qualified immunity because each Defendant's conduct was objectively reasonable, taken in good faith, and did not violate any clearly established rights of Plaintiff. Further, any alleged acts of Defendants were justified, based on reasonable suspicion, probable cause and were reasonable under the circumstances involving Plaintiff, so Defendants are not liable for the reason they have qualified immunity to all such acts.

4.      For further answer and by way of affirmative defense, Defendant states Plaintiff's purported claims under Missouri State law are barred by the official immunity doctrine, public duty doctrine, and/or the doctrine of sovereign immunity.

5.      For further answer and by way of affirmative defense, and in no way limiting the general denial or any other defense herein, Defendant states that any claim for damages for aggravating circumstances and punitive damages in this case by the Plaintiff is in violation of Defendants' rights to due process and equal protection under the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and the same or similar guarantees in the Constitution of the State of Missouri, including Article I, Sections 2, 10, 212, and 28 of the Constitution of the State of Missouri, and all claims for aggravating circumstances and/or punitive damages would amount to the imposition of a fine or penalty in violation of both constitutions, and should be dismissed.

6.      For further answer and by way of affirmative defense, Plaintiff's purported claim for punitive damages is barred and not allowed as a matter of law under 42 U.S.C. § 1983.

7.      For further answer and by way of affirmative defense, Defendant states that any claim against the City based upon the doctrine of *respondeat superior* for the acts and/or conduct of other Defendants fails to state a claim upon which relief may be granted under binding law and should be dismissed.

8.      For further answer, and by way of affirmative defense, Defendant states that Plaintiff's Complaint is barred by the applicable statute(s) of limitations.

9.      For further answer, and by way of affirmative defense, Defendant states that whatever actions, if any, Defendants took with reference to Plaintiff were authorized by state and federal law.

5

10.     For further answer, and by way of affirmative defense, Defendant states that all actions, if any, taken by Defendants were justified under the circumstances that existed at the time.

11.     For further answer, and by way of affirmative defense, Defendant states that any arrest and/or detention of the Plaintiff was supported by probable cause and was reasonable and justified under the circumstances.

12.     For further answer, and for affirmative defense, any injury or damage, if any, sustained by Plaintiff was the direct and proximate result of the negligence, carelessness and/ or intentional conduct of others, and there is no proximate or direct relationship between the conduct of Defendants and any injury or damage allegedly sustained by Plaintiff.

13.     For further answer, and for affirmative defense, Defendant states that to the extent the Complaint alleges intentional wrongful acts by other Defendants, such intentional acts were taken without the authority of Defendants.

14.     For further answer, and for affirmative defense, Defendant states that to the extent the Complaint alleges any taking the claim is not ripe and the plaintiff has failed to plead the proper conditions precedent to such a cause of action.

15.     For further answer, and for affirmative defense, any injury or damage sustained by Plaintiff was sustained as the direct and proximate result of Plaintiff's own negligence, carelessness and comparative fault and/or assumption of risk, and therefore Plaintiff is not entitled to recover from Defendants, or any recovery by Plaintiff should be reduced by the percentage of Plaintiffs own negligence, carelessness and comparative fault contributing thereto.

16.     For further answer, and by way of affirmative defense, Defendant states that Plaintiff has failed to mitigate whatever damages, if any, Plaintiff may have incurred by reason of the matters alleged in Plaintiff's Complaint.

17. Plaintiff's claims are also barred by the doctrines of absolute immunity, judicial immunity, and legislative immunity.

18. Defendant reserves the right to assert all other defenses discovered during the pendency of this action.

**WHEREFORE,** having fully answered Plaintiffs Complaint (Petition), Defendant City of Pine Lawn Missouri prays that Plaintiffs Complaint be dismissed with prejudice and that the City be awarded its costs and attorney's fees incurred herein together with such other and further relief as may be just and proper.

                                              KING, KREHBIEL & HELLMICH, LLC

                                By:    /s/ Blake D. Hill
                                        Blake D. Hill   #58926MO
                                        2000 South Hanley Road
                                        St. Louis, MO  63144-1524
                                        Phone: 314-646-1110
                                        Fax:    314-646-1122
                                        E-mail:bhill@kingkrehbiel.com
                          *Attorneys for Defendant City of Pine Lawn, MO*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of March 2015 a true and accurate copy of the foregoing was mailed via pre-paid, first class mail and/or served via the Court's electronic filing system to the following:

Charles E. Kirksey, Jr.
BELL, KIRKSEY & ASSOCIATES
7382 Pershing, 1 W
St. Louis, MO 63130
(314)863-5001 Tel
(314)869-5007 Fax
*Attorney for Plaintiff Mary Sykes*                      */s/ Blake D. Hill*