UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY SYKES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:15CV00462 AGF ) |
| CITY OF PINE LAWN, et al., | ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant City of Pine Lawn's motion to strike Plaintiff's claim for punitive damages, which was filed on March 17, 2015. Plaintiff has failed to respond to this motion, and the time to do so has expired.

Defendant asserts in its motion that as a public, governmental entity, it is immune from Plaintiff's claim for punitive damages. Courts have long held that awarding punitive damages against a city is contrary to sound public policy, as such awards would not adequately punish a wrongdoer, but instead would burden the city's resident taxpayers. *See, e.g., Chappell v. City of Springfield*, 423 S.W.2d 810, 813 (Mo. 1968). Furthermore, it is well settled that a city may not be held liable for punitive damages in actions brought under 42 U.S.C. §§ 1983 or 1985. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981) (a municipality is immune from punitive damages under § 1983); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1270-71 (7th Cir. 1984) (extending municipal immunity to § 1985 suits), *overruled on other grounds by Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to strike Plaintiff's claim for punitive damages is **GRANTED** without prejudice to Plaintiff's right to recover non-punitive damages. (Doc. No. 7).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2015.