UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY SYKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15CV00462 AGF |
| | ) |
| CITY OF PINE LAWN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This action was filed by Plaintiff Mary Sykes under 42 U.S.C. § 1983 against the City of Pine Lawn, Missouri ("Pine Lawn"); and the mayor (Sylvester Caldwell), eight aldermen, a building administrator (Brian Cunningham), a Builder's Commissioner (Raymond Winston), and a police officer of the city (Steven Blakely). The matter is before the Court on Pine Lawn's motion to dismiss two counts of Plaintiff's complaint. For the reasons set forth below, the motion shall be granted. The Court will also order Plaintiff to show cause why the remaining count should not be dismissed for failure to state a claim.

## BACKGROUND

Plaintiff alleges in her four-count complaint that Defendants harassed her and her family, and caused them to be evicted, , from the home they were leasing, without due process of law. She further alleges that, in connection with these events, police entered

her home without a warrant, and wrongfully arrested Plaintiff and members of her family, forcing them to post bond to secure their release.

Count 1 of the complaint seeks damages under 42 U.S.C. § 1983 on the assertion that city officials deprived Plaintiff of property without sufficient process, in violation of the Fourteenth Amendment; Count 2 seeks damages under state tort law for negligent infliction of emotional distress; Count 3 seeks punitive damages based the foregoing allegations; and Count 4, also brought under § 1983, asserts that Caldwell, Cunningham, Winston, and Blakely, in their official and individual capacities, conspired to violate Plaintiff's civil rights through false arrests, illegal searches, and harassment.[1]

On the motion of Pine Lawn, Plaintiff's claim for punitive damages was stricken with respect to Pine Lawn, because municipalities are immune from punitive damages. (Doc. No. 9.) On June 9, 2015, Defendants Caldwell, Cunningham, Winston, and Blakely were dismissed from the action (without prejudice), in their individual capacities, due to Plaintiff's failure to serve them.[2] (Doc. No. 22.)

On June 1, 2015, Pine Lawn filed the present motion for partial dismissal, directed toward Counts 2 and 4 of the complaint. Specifically, Pine Lawn argues that Count 2

---

[1] Although the caption of the complaint lists eight aldermen of Pine Lawn, they are not mentioned in the body of the complaint. Thus, Plaintiff fails to state a claim against these defendants.

[2] The Court need not address whether these Defendants were properly served in their official capacities, because as will be discussed, all claims against them in their official capacities fail as a matter of law. In addition, with these Defendants dismissed in their individual capacities, the claim for punitive damages fails as to them.

2

alleging emotional distress[3] is barred by Pine Lawn's sovereign immunity under Missouri Revised Statute § 537.600.  Pine Lawn contends that, because Plaintiff has not pleaded a waiver of, or exception to, sovereign immunity in this case, Count 2 should be dismissed for failure to state a claim upon which relief may be granted.

With respect to Count 4, Pine Lawn asserts that following the dismissal of the individual Defendants in their individual capacities, they are all being sued only in their official capacities.  Because official capacity suits are actually suits against the body that the officials represent, Pine Lawn argues that Count 4, in effect, alleges that the city conspired with itself.  Pine Lawn contends that employees of a city and a government cannot conspire with the city as a matter of law, and thus Count 4 fails to state a claim.  Plaintiff has not filed a response to Pine Lawn's motion, and the time to do so has passed.

## **DISCUSSION**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster.  *Id*.  The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but is not required to accept the legal conclusions the plaintiff draws from the facts alleged.  *Id*.;

---

[3] In its motion to dismiss, Pine Lawn discusses Count 2 as a claim for intentional infliction of emotional distress, but the Court notes that Plaintiff's claim is actually one for negligent infliction of emotional distress.  However, this distinction does not alter the substance of Pine Lawn's motion, nor its outcome.

*Retro Television Network, Inc. v. Luken Comm'cns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

**<u>Negligent Infliction of Emotional Distress</u>**

Under Missouri Revised Statute § 537.600, public entities generally enjoy sovereign immunity as it existed at common law, unless immunity is waived, abrogated, or modified by statute. *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (E.D. Mo. 2009). Under this doctrine, municipalities are entitled to sovereign immunity only when they are engaged in "governmental" functions – ones performed for the common good of all – but not when engaged in "proprietary" functions – those performed for the special benefit or profit of the municipality acting as a corporate entity. *Id.*; *Jungerman v. City of Raytown*, 925 S.W.2d 202, 204 (Mo. 1996), *abrogated on other grounds by Southers v. City of Farmington*, 263 S.W.3d 603 (Mo. 2008). If sovereign immunity applies, it does not need to be pled as an affirmative defense, and it is the plaintiff's burden to show that the defendant has waived such immunity, or that a statutory exception to immunity applies. *Richardson*, 293 S.W.3d at 137.

Here, Plaintiff alleges that she suffered emotional distress due to the actions of Winston revoking her occupancy permit, and harassment by Pine Lawn police officers. The regulation of building permits and the actions of police officers are both governmental functions performed for the common good, rather than actions for the special profit of Pine Lawn, and therefore Pine Lawn is entitled to sovereign immunity with respect to claims arising from these actions. *See Jungerman*, 925 S.W.2d at 204-05

(distinguishing governmental functions from proprietary functions, and listing police actions as an example of a municipality's standard governmental functions).

Plaintiff has not pled in her complaint that an exception to sovereign immunity applies, nor has she alleged that Pine Lawn waived its immunity in this case. Plaintiff also failed to respond to Pine Lawn's motion and show that sovereign immunity does not apply to Defendants' actions, for example, by arguing that they were not governmental in nature. Therefore, the Court concludes that Count 2 against Pine Lawn is barred by § 537.600, and will be dismissed. *See Jackson v. East Prairie Police Dep't*, No. 1:05CV00115 LMB, 2006 WL 156717, at *4 (E.D. Mo. Jan 20, 2006) (dismissing state tort claims against a municipality and its police force, because plaintiff failed to show that the relevant actions were proprietary rather than governmental, or that a waiver or exception to sovereign immunity applied); *Richardson*, 293 S.W.3d at 138 (affirming the dismissal of state negligent and intentional tort claims against a municipality because its challenged actions were governmental in nature).

**Civil Conspiracy**

To state a claim for conspiracy under 42 U.S.C. § 1983, a plaintiff must show that "(1) defendants conspired to deprive her of a constitutional right; (2) at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured her." *Pitts v. City of Cuba*, 913 F. Supp. 2d 688, 708 (E.D. Mo. 2012) (citation omitted). The first prong requires a "meeting of the minds" between at least two conspirators. *Barstad v. Murray Cnty.*, 420 F.3d 880, 887 (8th Cir. 2005). Governmental entities cannot conspire with themselves, nor with their employees acting

5

in the scope of their official capacities. *Anzaldua v. NE Ambulance & Fire Protection Dist.*, No. 4:13CV01257 ERW, 2014 WL 466234, at *8 (E.D. Mo. Feb. 5, 2014); *Barstad*, 420 F.3d at 887.

The Court agrees with Pine Lawn that Plaintiff's Count 4 fails to state a claim for conspiracy under § 1983. Because no individual Defendants remain in Count 4, the conspiracy claim is one against Pine Lawn, through its officials acting within the scope of their duties. A conspiracy requires the meeting of at least two minds, and cannot exist between government employees who, in their official capacities, constitute but a single entity. Thus, the Court will dismiss Count 4 for failure to state a claim. *See Runs After v. United States*, 766 F.2d 347, 354 (8th Cir. 1985) (dismissing a conspiracy claim against tribal officials in their official capacities, acting within the scope of their official duties, because "an entity or governmental body cannot conspire with itself").

**Due Process Claims**

The only count remaining in Plaintiff's complaint is Count 1, in which she asserts violations of her due process rights under the Fourteenth Amendment. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) the action in question occurred under color of state law, and (2) the action is a deprivation of a federal constitutional or statutory right. *Parrat v. Taylor*, 451 U.S. 527, 535 (1981). In order to state such a claim against a state or municipality, a plaintiff must also show that the alleged constitutional deprivation occurred as a result of an official custom or policy. *Grayson v. Ross*, 454 F.3d 802, 811 (8th Cir. 2006); *Humbolt v. Jefferson County, Mo.*, No. 4:15CV415 SNLJ, 2015 WL 3506610, at *2 (E.D. Mo. June 3, 2015).

Following the dismissal of Defendants Caldwell, Cunningham, Winston, and Blakely in their individual capacities, the only Defendants in Count 1 are Pine Lawn and its officials, in their official capacities, which are also effectively claims against Pine Lawn itself. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (explaining that a suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent).

Although Defendants have not moved to dismiss Count 1 of the complaint, on review, the Court concludes that Plaintiff has failed to allege that any of the disputed actions were part of an official policy or custom of Pine Lawn. Rather than dismiss this count *sua sponte* at this point, the Court will order Plaintiff to show cause why this count should not be dismissed for failure to state a claim. Any response to the Order to show cause shall include a proposed amended complaint. Of course, all allegations in such an amended complaint must comply with Federal Rule of Civil Procedure 11(b)(3), which requires that factual contentions in a pleading "have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Counts 2 and 4 of Plaintiff's complaint is **GRANTED**. (Doc. No. 20.)

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and including **July 20, 2015**, to show cause why Count 1 of the complaint should not be dismissed for failure to state a claim. Failure to do so will result in dismissal of this count.

*(signature)*
AUDREY G. FLEISSIG
UNITED STATES DISTRCIT JUDGE

Dated this 9th day of July, 2015