UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY SYKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15CV00462 AGF |
| | ) |
| CITY OF PINE LAWN, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Now before the Court is the motion of Plaintiff Mary Sykes for leave to file her proposed amended complaint. For the reasons set forth below, this motion shall be denied, and the case dismissed.

Plaintiff brought this action under 42 U.S.C. § 1983 against the City of Pine Lawn, Missouri ("Pine Lawn"), and various Pine Lawn officials: the (former) mayor (Sylvester Caldwell), eight aldermen, a building administrator (Brain Cunningham), the building commissioner (Raymond Winston), and a police officer (Steven Blakely). Plaintiff alleged in her four-count complaint that Defendants harassed her and her family, and caused them to be evicted from the house they were leasing, without due process of law. She further alleged that, in connection with these events, police entered her home without a warrant, and wrongfully arrested Plaintiff and members of her family, forcing them to post bond to secure their release.

By three separate motions, Defendants moved to strike and dismiss all claims except the § 1983 due process claim against Pine Lawn set forth in Count I of the complaint. By Orders dated April 2, 2015, June 9, 2015, and July 9, 2015, the Court granted Defendants' motions to strike and dismiss. The claims against Caldwell, Cunnigham, Winston, and Blakely, in their individual capacities, were dismissed without prejudice, due to Plaintiff's failure to serve these Defendants in a timely fashion.

In the Order of July 9, 2015 (Doc. No. 24), the Court suggested that Count I failed to state a due process claim against Pine Lawn as Plaintiff failed to allege that any of the challenged actions were part of an official policy or custom of Pine Lawn. Rather than dismiss this count *sua sponte*, the Court ordered Plaintiff to show cause why this count should not be dismissed for failure to state a claim. The Court directed that any response to the Order to show cause should include a (proposed) amended complaint.

On August 8, 2015, Plaintiff submitted a proposed amended complaint in which she alleges that on June 3, 2013, Cunningham met with Plaintiff's landlord "to evict Plaintiff for being a nuisance." On the same day, after the landlord said that he did not intend to evict Plaintiff, Blakely threatened to arrest the landlord, and Cunningham handed Plaintiff a letter from Winston stating that the occupancy permit for the house had been revoked and that she was to vacate the premises before June 10, 2013. Plaintiff alleges that she contacted Winston to try to resolve the matter and was told to contact the police department. She then alleges that, "[a]s a direct and proximate result of said acts of the Defendants, Plaintiff has suffered a loss of her property." She asserts that Caldwell, Winston, and Cunningham:

adopted a policy and custom to misapply Pine Lawn Ordinance 500.050 (which requires residents to have an occupancy permit) in order to arbitrarily harass and evict Plaintiff from her rented premises, to wit:

a. Revoking her lawful occupancy permit without just cause, notice or hearing;

b. Subjecting Plaintiff and her family members to harassment and unlawful arrest;

c. Requiring Plaintiff and her family members to post bond after being unlawfully arrested.

(Doc. No. 31 at 3.)

Defendants oppose the filing of the amended complaint, arguing that it does not cure the failure to allege a policy or custom. The Court agrees.

In order to state a due process claim against a municipality, a plaintiff must show that the alleged constitutional deprivation occurred as a result of an official custom or policy of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A single act of a policymaker in some instances can be sufficient for a *Monell* claim when "the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1985). However, "municipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id*. at 483.

Here, the Court concludes that although Plaintiff now uses the words "policy and custom," the allegations in the proposed amended complaint fall short of the standard set by *Monell* and *Pembaur*. Plaintiff does not allege that the mayor was involved in the

3

decision to send and enforce the eviction notice, nor that Winston or Cunningham was the official responsible for establishing final policy with respect to when eviction notices should be issued and enforced. Indeed, the complaint itself states that the challenged actions were taken to arbitrarily harass Plaintiff and were in contravention of a Pine Lawn ordinance. Thus, this case falls in the category of cases involving a single incident that is insufficient to establish a "policy" that can form the basis for municipal liability under § 1983. *See, e.g., Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 634 (8th Cir. 2009); *Doe ex rel. Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003) (affirming the dismissal of the plaintiff's § 1983 claim against a school district where "the allegations in the complaint indicated that [a school board member] was acting in circumvention of the School District's policy when the Lord's Prayer was recited, and did not support a conclusion that he acted with final policymaking authority"); *Henneberry v. City of Newark*, No. 13-CV-05238-MEJ, 2014 WL 4978576, at *9 (N.D. Cal. Oct. 6, 2014).

"Although it is well settled that leave to amend should 'be freely given when justice so requires,' Fed. R. Civ. P. 15(a), permission to amend may be withheld if the plaintiff does not have at least colorable grounds for relief." *Doe*, 340 F.3d at 615-16. Here, in light of the above discussion, the Court will deny Plaintiff's motion for leave to file the proposed amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file an amended complaint is **DENIED**. (Doc. No. 30.)

**IT IS FURTHER ORDERED** that Count I of Plaintiff's complaint against the City of Pine Lawn is **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

All claims against all parties having been resolved, this case is **DISMISSED**. The dismissal of the case against the individual Defendants is without prejudice. A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of September, 2015.